THOMAS R. BURKE (State Bar No. 141930)
 thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

LORRAINE WANG (State Bar No. 341172)
 lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION; DISTRICT OF COLUMBIA ARMY NATIONAL GUARD; and U.S. PARK POLICE,<br><br>Defendants. | Case No. 4:22-cv-03204<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

DAVIS WRIGHT TREMAINE LLP

Plaintiffs National Public Radio, Inc., and Eric Westervelt ("Plaintiffs" or "NPR"), by its undersigned attorneys, allege as follows:

**INTRODUCTION**

1. In late May of 2020, protesters demonstrated in Washington, D.C., over the death of George Floyd. They demonstrated near the White House, including in Lafayette Square, a park across from the White House. There were reports of injuries to officers of the U.S. Park Police on May 30 and 31. On June 1, President Donald Trump decided to walk across the street from the White House to St. John's Church, which had been damaged during a protest the night before. He posed outside the church holding a Bible. To facilitate this event, a large crowd of protesters in Lafayette Square (which abuts St. John's Church) were forcibly removed from the area. These peaceful protesters were cleared from the park (before being given any warnings to disperse) by various law enforcement groups using riot shields, batons, pepper spray, and tear gas. The U.S. Park Police later issued a report stating that the area had been cleared to allow a contractor to install anti-scale fencing in response to the destruction of property and injury to officers on May 30 and 31. However the fencing materials did not arrive until hours after the park was cleared. Attorney General William Barr was seen in the park late in the afternoon of June 1, and he expressed surprise that the protesters had not been cleared yet. Nearly two years later, numerous questions remain as to who ordered the area cleared, when, how it was communicated and carried out, and for what purpose and how.

2. Starting on June 24, 2021, National Public Radio, Inc., Reporter Eric Westervelt made FOIA requests to three governmental agencies requesting information on the incidents in Lafayette Square. More than nine months after Plaintiffs made its FOIA Requests, no responsive documents have been produced from the District of Columbia Army National Guard ("National Guard"), the Federal Bureau of Investigation ("FBI"), and minimal documents have been produced by the U.S. Park Police ("Park Police").

3. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., as amended ("FOIA"), to enjoin the FBI, the National Guard, and the Park Police from continuing to improperly withhold agency records that are responsive to the FOIA requests

DAVIS WRIGHT TREMAINE LLP

1  Plaintiffs sent starting in June 2021 (the "FOIA Requests'").  This FOIA action is necessary
2  because Defendants continue to withhold responsive records since Plaintiffs made the FOIA
3  Requests over three months ago, a constructive denial of the FOIA Requests.

4      4.      The Freedom of Information Act '"focuses on the citizens' right to be informed
5  about 'what their government is up to,'" by requiring the release of "[o]fficial information that
6  sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for*
7  *Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not
8  secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective*
9  *Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).  NPR plays a critical
10  role in providing information to citizens about "what their government is up to."  Indeed, the First
11  Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential
12  role in our democracy," to "bare the secrets of government and inform the people."  *New York*
13  *Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

14      5.      Through its FOIA Requests, Plaintiffs seek to fulfill their journalistic function and
15  to shine a public light on information about the clearing of Lafayette Square.

16  **PARTIES**

17      6.      Plaintiff National Public Radio, Inc., is an independent, nonprofit media
18  organization that was founded on a mission to create a more informed public.  It provides non-
19  commercial news, information and entertainment programming to the American public.  NPR's
20  fact-based, independent journalism helps the public monitor breaking news, follow the most
21  critical stories of the day, and track complex issues over the long term.  NPR reaches
22  approximately 53 million people on broadcast radio, podcasts, NPR apps, NPR.org and YouTube
23  video content per week.  NPR distributes its radio broadcasts through more than 1,000 non-
24  commercial, independently operated radio stations, licensed to more than 250 NPR members and
25  numerous other NPR-affiliated entities.

26      7.      Plaintiff Eric Westervelt is a resident and citizen of the state of California and an
27  investigative reporter who works as for NPR from an office in Berkeley, California.
28

DAVIS WRIGHT TREMAINE LLP

8.     Defendant Federal Bureau of Investigation is a component of the Executive Branch of the United States Government, and a division of the Department of Justice. Defendant District of Columbia Army National Guard is a component of the Executive Branch of the United States Government, and a division of the U.S. Army and U.S. Air Force, within the Department of Defense. Defendant U.S. Park Police is a component of the Executive Branch of the United States Government, and a division of the Department of the Interior and the National Park Service. Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that each Defendant has possession and control of the records sought by the FOIA Request.

**JURISDICTION**

9.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

**VENUE**

10.    Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as Mr. Westervelt's work for NPR and his FOIA Requests to the Defendants occurred in Alameda County. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

11.    Assignment to the Oakland Division is proper under Civil Local Rule 3-2(c) and (d) because Mr. Westervelt's work for NPR and his FOIA Requests to Defendants occurred in Alameda County, within this District.

**FACTS**

12.    Mr. Westervelt, while employed for NPR, sent a FOIA Request to the Federal Bureau of Investigation ("FBI") on June 24, 2021. He requested copies (including audio and electronic records) of:

    a.    All records, including but not limited to audio and electronic records, related to operations conducted between 9 a.m. ET May 30th, 2020 and 11 p.m. ET on June 1st, 2020 in and around Lafayette Square in Washington D.C.

   b.   A true and correct copy of the FOIA Request to the FBI is attached as **Exhibit A**.

   13.   Mr. Westervelt also asked the FBI to "waive all duplication fees" because the information sought was for NPR's use "as a basis for a planned news story."

   14.   On July 21, 2021, the FBI stated that it had completed its search, and that the records sought in the FOIA Request were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  The FBI then administratively closed the FOIA Request, due to a "pending or prospective law enforcement proceeding relevant to the responsive records," release of which "could reasonably be expected to interfere with enforcement proceedings."  The number assigned to the FOIA request was 1499523-000.  Attached as **Exhibit B** is a true and correct copy of this letter from the FBI.

   15.   On October 18, 2021, on behalf of Mr. Westervelt, the undersigned attorney appealed the FBI's denial of the FOIA Request, on the ground that the FBI had failed to identify a particular enforcement proceeding that was in progress.  A true and correct copy of the appeal letter (minus exhibits) is attached as **Exhibit C**.

   16.   On January 27, 2022, the U.S. Department of Justice's Office of Information Policy ("OIP") affirmed the FBI's denial on the same basis as before, again without identifying any particular proceeding in progress.  A true and correct copy of the OIP's denial is attached as **Exhibit D**.

   17.   On June 24, 2021, Mr. Westervelt sent the FOIA Request regarding Lafayette Square to the National Guard.  Attached as **Exhibit E** is a true and correct copy of the FOIA Request.

   18.   On July 23, 2021, the National Guard acknowledged receipt of the FOIA Request and assigned it case number J-21-0209.  They transferred the request to the office of the District of Columbia Army National Guard, because that office was likely to have the records being sought.  A true and correct copy of the National Guard Acknowledgement is attached as **Exhibit F**.

   19.   To date, there has been no response from the D.C. Army National Guard.  The D.C. Army National Guard has therefore missed the deadline of 20 business days to respond.

DAVIS WRIGHT TREMAINE LLP

20. On June 24, 2021, Mr. Westervelt sent the FOIA Request regarding Lafayette Square to the Park Police. Attached as **Exhibit G** is a true and correct copy of the FOIA Request.

21. On November 8, 2021, the Park Police responded to the FOIA request by stating it had released material in response to other FOIA requests pertaining to Lafayette Park. However, the released material fails to respond to NPR's FOIA Request. The number assigned to the FOIA request was DOI-NPS-2021-004686. A true and correct copy of the Park Police response is attached as **Exhibit H**.

22. On February 3, 2021, on behalf of Mr. Westervelt, the undersigned attorney appealed the Park Police's failure to provide materials responsive to the FOIA Request. Attached as **Exhibit I** is a true and correct copy of that appeal, and proof that it was emailed to the appropriate office.

23. To date, there has been no response from the Department of the Interior Office of the Solicitor on this appeal. The Department of the Interior Office of the Solicitor has therefore missed the deadline of 20 business days to respond.

24. Therefore, NPR has exhausted its administrative remedies.

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

25. Plaintiffs reallege and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiffs' FOIA Requests seek "agency" records within the Defendants' custody and control.

27. Defendants Federal Bureau of Information and D.C. Army National Guard have failed to produce any responsive records to Plaintiffs' FOIA Requests. Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their FOIA Requests, and there exists no "exceptional circumstances" or legal basis for Defendants' failure to respond to Plaintiffs' FOIA Requests and to make these records available.

28. Defendant U.S. Park Police has failed to produce all responsive records to Plaintiffs' FOIA Request. Plaintiffs have a legal right under FOIA to obtain the agency records

1  they requested in their FOIA Request, and there exists no "exceptional circumstances" or legal

2  basis for Defendant Park Police's failure to fully respond to Plaintiffs' FOIA Request and to make

3  these records available.

4      29.    Defendants' failure to make promptly available the records sought by Plaintiffs'

5  FOIA Requests violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable

6  regulations promulgated thereunder.

7      30.    Plaintiffs are entitled to declaratory relief finding that Defendants have violated

8  FOIA and are immediately entitled to receive all records responsive to their requests.

9      31.    Plaintiffs are further entitled to injunctive relief, ordering Defendants to

10 immediately produce copies of all records responsive to Plaintiffs' FOIA Requests without further

11 delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court award them the following relief:

A. Declare that Defendants violated FOIA in their response to Plaintiffs' FOIA Requests;

B. Order Defendants to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

C. Order Defendants to immediately disclose any responsive records in their possession or control to Plaintiffs;

D. Award Plaintiffs their reasonable costs and attorney's fees;

E. Grant such further relief as the Court may deem just and proper.

Dated: June 1, 2022

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
THOMAS BURKE
LORRAINE WANG

By: /s/ *Thomas R. Burke*
    THOMAS R. BURKE

Attorneys for Plaintiffs NATIONAL PUBLIC RADIO, INC., and ERIC WESTERVELT

DAVIS WRIGHT TREMAINE LLP