STEPHANIE M. HINDS (CABN 154284)
United States Attorney

MICHELLE LO (NYBN 4325163)
Chief, Civil Division

SHIWON CHOE (CABN 320041)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    shiwon.choe@usdoj.gov

Attorneys for Defendants the Federal Bureau of Investigation, the District of Columbia Army National Guard, and the U.S. Park Police

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., et al., <br><br>    Plaintiffs, <br><br>  v. <br><br>FEDERAL BUREAU OF INVESTIGATION, et al., <br><br>    Defendants. | Case No. 3:22-cv-03204-SK <br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

DEFS.' ANSWER TO COMPLAINT
No. 3:22-cv-03204-SK

Defendants the Federal Bureau of Investigation ("FBI"), the District of Columbia Army National Guard ("DCARNG"), and the U.S. Park Police ("USPP") hereby answer the numbered paragraphs of the Freedom of Information Act ("FOIA") Complaint, ECF No. 1, filed by Plaintiffs National Public Radio, Inc. ("NPR") and Eric Westervelt. Defendants deny all allegations in the Complaint, including the relief sought, except where specifically admitted in this Answer.

1. This paragraph consists of alleged background information and Plaintiffs' characterizations and interpretations of facts in the public domain and/or opinions, speculation, and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The USPP admits that the U.S. Department of Interior Office of Inspector General issued a report titled "Review of U.S. Park Police Actions at Lafayette Park" and respectfully refers the Court to that report for a full and accurate statement of its contents.

2. The FBI admits only that Mr. Westervelt made a FOIA request to the FBI and that it responded to the request ("FBI FOIA Response") and respectfully refers the Court to the FBI FOIA Request and Response for a full and accurate statement of their contents, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any requests to or responses of any other agencies. The DCARNG admits only that Mr. Westervelt made a FOIA request to the National Guard Bureau ("National Guard Bureau FOIA Request") and that the National Guard Bureau responded to the National Guard Bureau FOIA Request ("National Guard Bureau FOIA Response") and respectfully refers the Court to the National Guard Bureau FOIA Request and Response for a full and accurate statement of their contents, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any requests to or responses of any other agencies. The USPP admits only that Mr. Westervelt made a FOIA request to the USPP ("USPP FOIA Request") and that it responded to the USPP FOIA Request ("USPP FOIA Response") and respectfully refers the Court to the USPP FOIA Request and Response for a full and accurate statement of their contents, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any requests to or responses of any other agencies, and avers that the USPP has released materials responsive to the USPP FOIA Request, subject to appropriate redactions, on the National Park Service reading room at https://www.nps.gov/aboutus/

foia/foia-frd.htm.

3. This paragraph consists of Plaintiffs' characterization of this action, their reasons for bringing this action, and the relief sought to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph, except that they admit that Plaintiffs bring this action under FOIA, 5 U.S.C. § 552 et seq.

4. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cases that Plaintiffs cite for a full and accurate statement of their contents.

5. This paragraph consists of Plaintiffs' characterization of this action and their reasons for bringing this action to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. The FBI denies that it is an agency within the meaning of 5 U.S.C. § 552(f), but admits that it is a component of the Executive Branch and the Department of Justice, which is subject to FOIA, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. The DCARNG denies that it is an agency within the meaning of 5 U.S.C. § 552(f), but admits that it is a component of the Executive Branch and the Department of Defense, which is subject to FOIA, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. The USPP denies that it is an agency within the meaning of 5 U.S.C. § 552(f), but admits that it is a component of the Executive Branch and the Department of the Interior, which is subject to FOIA, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

9. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respond that they do not challenge subject-matter

jurisdiction or personal jurisdiction.

10. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respond that they do not challenge venue in the Northern District of California.

11. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respond that they do not challenge intra-district assignment to the San Francisco or Oakland Division.

12. The FBI admits only that Mr. Westervelt sent a FOIA Request to the FBI, dated June 24, 2021 (the FBI FOIA Request) and that the FBI FOIA Request has been attached as Exhibit A to the Complaint and respectfully refers the Court to the FBI FOIA Request for a full and accurate statement of its contents. The DCARNG and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. The FBI respectfully refers the Court to the FOIA Request for a full and accurate statement of its contents. The DCARNG and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. The FBI admits only that the number assigned to the FBI FOIA Request is 1499523-000 and that the FBI sent a response to Mr. Westervelt, dated July 21, 2021 (the FBI FOIA Response) and that the FBI FOIA Response and one of its enclosures have been attached as Exhibit B to the Complaint (although a second enclosure to the FBI FOIA Response has not been attached) and respectfully refers the Court to the FBI FOIA Response and its enclosures for a full and accurate statement of their contents. The DCARNG and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. The FBI admits only that Mr. Burke sent an administrative appeal to the Department of Justice's Office of Information Policy ("OIP"), dated October 18, 2021 ("OIP Administrative Appeal") appealing the actions taken by the FBI and that the OIP Administrative Appeal has been attached as Exhibit C to the Complaint and respectfully refers the Court to the OIP Administrative Appeal for a full and accurate statement of its contents. The DCARNG and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. The FBI admits only that OIP sent a response to Mr. Burke, dated January 27, 2022 ("OIP Administrative Appeal Response") and that the OIP Administrative Appeal Response has been attached as Exhibit D to the Complaint and respectfully refers the Court to the OIP Administrative Appeal Response for a full and accurate statement of its contents. The DCARNG and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. The DCARNG admits only that Mr. Westervelt sent a FOIA Request to the National Guard Bureau, dated June 24, 2021 (the National Guard Bureau FOIA Request) and that the National Guard Bureau FOIA Request has been attached as Exhibit E to the Complaint and respectfully refers the Court to the National Guard Bureau FOIA Request for a full and accurate statement of its contents. The FBI and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. The DCARNG admits only that the National Guard Bureau FOIA Request was transferred to the DCARNG and that the National Guard Bureau sent a response to Mr. Westervelt, dated July 23, 2021 (the National Guard Bureau FOIA Response) and that the National Guard Bureau FOIA Response has been attached as Exhibit F to the Complaint and respectfully refers the Court to the National Guard Bureau FOIA Response for a full and accurate statement of its contents. The FBI and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. The DCARNG admits only that it has not responded to the National Guard Bureau FOIA Request separately from the National Guard Bureau FOIA Response. The FBI and the USPP lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny the allegations.

20. The USPP admits only that Mr. Westervelt sent a FOIA Request to the USPP, dated June 24, 2021 (the USPP FOIA Request) and that the USPP FOIA Request has been attached as Exhibit G to the Complaint and respectfully refers the Court to the USPP FOIA Request for a full and accurate statement of its contents. The FBI and the DCARNG lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. The USPP admits only that the number assigned to the USPP FOIA Request is DOI-NPS-

2021-004686 and that the USPP sent a response to Mr. Westervelt, dated November 8, 2021 (the USPP FOIA Response) and that the USPP FOIA Response has been attached as Exhibit H to the Complaint and respectfully refers the Court to the USPP FOIA Response for a full and accurate statement of their contents, and avers that the USPP has released materials responsive to the USPP FOIA Request, subject to appropriate redactions, on the National Park Service reading room at https://www.nps.gov/aboutus/foia/foia-frd.htm.  The FBI and the DCARNG lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. The USPP admits only that Mr. Burke sent an administrative appeal to the Department of the Interior Office of the Solicitor ("DOI"), dated February 3, 2022 (not 2021) ("DOI Administrative Appeal") and that the DOI Administrative Appeal has been attached as Exhibit I to the Complaint and respectfully refers the Court to the DOI Administrative Appeal for a full and accurate statement of its contents.  The FBI and the DCARNG lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. The USPP admits only that the Department of the Interior Office of the Solicitor has not responded to the DOI Administrative Appeal separately from the USPP FOIA Response.  The FBI and the DCARNG lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the FBI admits that NPR has exhausted its administrative remedies with respect to the FBI FOIA Request, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any other request.  To the extent a response is required, the DCARNG denies that NPR has exhausted its administrative remedies with respect to the National Guard Bureau FOIA Request, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any other request.  To the extent a response is deemed required, the USPP admits that NPR has exhausted its administrative remedies with respect to the USPP FOIA Request, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding any other request.

25. This paragraph realleges and incorporates by reference the allegations contained in

paragraphs 1–24 of the Complaint.  To the extent a response is deemed to be required, Defendants refer the Court to their responses to paragraphs 1–24.

26. Defendants respectfully refer the Court to the FBI FOIA Request, the National Guard Bureau FOIA Request, and the USPP FOIA Request for a full and accurate statement of their contents.

27. The second sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of the second sentence of this paragraph.  The FBI denies the first sentence of this paragraph, except that it admits that it (the Federal Bureau of Investigation, not the Federal Bureau of Information) has not produced any records in response to the FBI FOIA Request, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph regarding the DCARNG.  The DCARNG denies the first sentence of this paragraph, except that it admits that it has not produced any records in response to the National Guard Bureau FOIA Request, which was transferred to the DCARNG, and avers that it is searching whether responsive records exist, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph regarding the FBI.  The USPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph.

28. The second sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of the second sentence of this paragraph.  The FBI and the DCARNG lack knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph.  The USPP denies the allegations in the first sentence of this paragraph and avers that it has released materials responsive to the USPP FOIA Request, subject to appropriate redactions, on the National Park Service reading room at https://www.nps.gov/aboutus/foia/foia-frd.htm.

29. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

30. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

31. This paragraph consists of legal conclusions to which no response is required.  To the

extent a response is deemed required, Defendants deny the allegations of this paragraph.

The remaining paragraphs of the Complaint consist of Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiffs' Complaint not expressly admitted.

**DEFENSES**

1. Plaintiffs' Complaint should be dismissed to the extent that Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs are not entitled to compel production of records or portions of records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552(b).

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to them throughout the course of this litigation, including to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

WHEREFORE, having fully answered, Defendants respectfully pray that Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants, and request such further relief as the Court deems appropriate.

DATED: July 5, 2022                                Respectfully submitted,

                                                   STEPHANIE M. HINDS
                                                   United States Attorney

                                                   *s/Shiwon Choe*
                                                   SHIWON CHOE
                                                   Assistant United States Attorney
                                                   Attorneys for Defendants

DEFS.' ANSWER TO COMPLAINT
No. 3:22-cv-03204-SK                               7